IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamul Ratub El,<br><br>    Petitioner,<br><br>v.<br><br>Larry Cartledge, Warden,<br><br>    Respondent | No: 5:12-cv-03481-RMG<br><br>ORDER |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 28) recommending that the Court grant the Respondent's Motion for Summary Judgment (Dkt. No. 16). For the reasons set forth below, the Court agrees with and ADOPTS the R&R in full as the order of the Court. Accordingly, Respondent's Motion for Summary Judgment is GRANTED.

## I. Background

Petitioner, Jamul Ratub El ("Petitioner"), a state prisoner, is currently incarcerated in the Turbeville Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In May 2006, Petitioner was convicted in the General Sessions Court for York County for trafficking in cocaine and sentenced to twenty years imprisonment. (Dkt. No. 1 at 1). Subsequently, trial counsel filed and served the Notice of Appeal. On October 15, 2008, the South Carolina Court of Appeals issued an order affirming Petitioner's conviction. (*Id.* at 2.) On January 14, 2009, Petitioner filed an application seeking post-conviction relief ("PCR") arguing that his trial counsel was ineffective. (Dkt. No. 1-1 at 6.) The PCR court concluded that the Petitioner had not established any constitutional violations or deprivations that would

1

require the PCR court to grant his application and summarily dismissed the application with prejudice. (*Id.* at 6-13.) Petitioner filed a Petition for Writ of Certiorari. (Dkt. No. 15-6.) The South Carolina Supreme Court issued an order granting Petitioner's Petition for Writ of Certiorari on August 19, 2011. However, on October 10, 2012, the South Carolina Supreme Court issued an Order dismissing the Writ as improvidently granted. (Dkt. No. 1-1 at 14-15.) Petitioner filed his habeas Petition on December 11, 2012, alleging three grounds for relief, quoted verbatim:

> GROUND ONE: Petitioner was denied effective assistance of trial counsel's failure to move for suppression of cocaine seized in violation of his Fourth Amend rights against illegal search and seizure.
> . . .
> GROUND TWO: Trial Counsel was ineffective in failing to object to sufficiency of curative instruction and move for mistrial in response to prosecutor's misstatement of fact to detriment of petitioner's character.
> . . .
> GROUND THREE: Trial Counsel was ineffective in failing to subpoena the notary's presence at trial or to make a motion for continuance so that notary could be present to testify for admission of petitioner's exculpatory evidence.

(Dkt. No. 1 at 5, 6, 8.) The Magistrate Judge recommended that summary judgment be granted for Respondent on all three grounds. (Dkt. No. 28.) Petitioner timely objected. (Dkt. No. 30.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in party, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Petitioner's claims are governed by 28 U.S.C. § 2254(d), which provides that his petition cannot be granted unless the claims "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000). Importantly, "a determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Where allegations of ineffective assistance of counsel are made, the question is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). First, the Petitioner must show that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment. *Id.* at 687-88. Second, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Review by this Court of "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential ... and when the two apply in tandem, review is doubly so." *Harrington v. Richter*, - - - U.S. - - -, 131 S.Ct. 770, 788 (2011). In applying § 2254(d), "the

3

question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*

### III. Discussion

### A. Ground One: Trial Counsel Was Ineffective in Failing to Make a Motion to Suppress

Petitioner contends that his trial counsel was ineffective for failing to move to suppress the drugs found in his vehicle. (Dkt. No. 1 at 5.) The Magistrate Judge correctly found that it was reasonable for the PCR court to conclude that the warrantless search in this case was proper under the automobile exception. (Dkt. No. 28 at 15-17.) The automobile exception gives police authority to search a vehicle "if probable cause exists to believe it contains contraband" and the vehicle is "readily mobile." *Pennsylvania v. Labron*, 518 U.S. 938, 940 (1996). As the Magistrate Judge did, the Court finds that the PCR Court was reasonable in determining that the totality of the circumstances leading up to and present at the time of the search established probable cause to believe that Petitioner's Expedition contained contraband. (*See* Dkt. No. 28 at 16-17.) Thus, a motion to suppress would likely not have been granted, and Petitioner has failed to show that he was prejudiced by trial counsel's failure to make such a motion.

In his objections, Petitioner states that the search must be supported by probable cause and not just reasonable suspicion, notes that the search could not have been a search incident to arrest because the search preceded the arrest, and cites *United States v. Di Re*, 332 U.S. 581 (1948) for the proposition that a person's mere presence at the scene of crime does not, by itself, establish probable cause for arrest. (Dkt. No. 30-1 at 4.) While Petitioner is correct in these contentions, they do not address the PCR court's application of the automobile exception to find that probable cause existed for the search of Petitioner's Expedition. (*See* Dkt. No. 1-1 at 10-11.) As the Magistrate Judge did, the Court finds the PCR court's conclusion reasonable.

4

**B. Ground Two: Trial Counsel Was Ineffective in Failing to Object to Sufficiency of Curative Instructions or Move for a Mistrial due to Prosecutor's Misstatement.**

Petitioner alleges that trial counsel was ineffective in failing to object to sufficiency of curative instructions and failing to move for a mistrial in response to the prosecutor's misstatement of fact. (Dkt. No. 1 at 6). The prosecutor asked a witness whether she knew that Petitioner was married, when in fact he had never been married. (*Id.*) The trial judge sustained trial counsel's objection to this misstatement and provided two curative instructions for the jury to disregard the statement because there was no evidence before it that defendant was married. (Dkt. No. 15-2 at 76-77, 82-83.) On direct appeal, the South Carolina Court of Appeals, citing to state law, found the ground was not preserved for appellate review, that the trial court's curative instruction cured any error regarding the improper testimony, and that this was not a case of manifest necessity where a mistrial should have been granted. (Dkt. No. 15-5 at 54.) The PCR court found that the misstatement "did not rise to the level required for a mistrial and was properly cured by trial judge's curative instruction." (Dkt. No. 1-1 at 11.) The Magistrate Judge correctly found that this Court cannot revisit the state courts' findings under state law that the curative instruction cured any prejudice to Petitioner. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.") The state court's rejection of this claim was not an unreasonable application of *Strickland* and was not based upon an unreasonable determination of facts in light of the state court record.

In his objection, Petitioner cites *Berger v. United States,* 295 U.S. 78 (1935). In *Berger* the Supreme Court ordered a new trial where a prosecuting attorney's conduct was so egregious and the case against the defendant was weak enough that prejudice to the defendant was "highly

5

probable."[1] *Id.* at 89, *overruled on other grounds by Stirone v. United States*, 361 U.S. 212 (1960). The Court specifically held that the case was not one "where the misconduct of the prosecuting attorney was slight or confined to a single instance, but one where such misconduct was pronounced and persistent, with a probable cumulative effect upon the jury which cannot be disregarded as inconsequential." *Id.* Here, we have a single misstatement by the prosecutor that was cured by a curative instruction. *Berger* is inapposite.

### 3. Ground Three: Trial Counsel Was Ineffective in Failing to Subpoena Notary

Petitioner alleges that his trial counsel was ineffective in failing to subpoena a notary's presence at trial or to request a motion for continuance so that the notary could be present. (Dkt. No. 1 at 8). The notary public had witnessed a statement from Petitioner's co-defendant that the drugs were his and not Petitioners'. The affidavit that the notary witnessed was admitted into evidence at trial after testimony by Petitioner. (Dkt. No. 15-3 at 26.) Petitioner's co-defendant testified that he had made the sworn statement before a notary (*id.* at 50-51) and that Petitioner did not intimidate him into signing the statement (*id.* at 46), but that the statement was a "lie." (Dkt. No. 26 at 22.)

The Magistrate Judge correctly found that Petitioner's third ground for relief is procedurally barred because it was not ruled on by the PCR court or the South Carolina appellate courts. A habeas petitioner must exhaust the remedies available to him in state court. 28 U.S.C. 2254(b)(1). This requires a habeas petitioner to "fairly present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997), *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). Petitioner did not raise this issue on the direct appeal of his conviction. (*See* Dkt. No. 15-5 at 30.) Petitioner did raise this ground in his

---

[1] *Berger* was not a habeas case but a direct appeal of a conviction.

6

initial application for PCR (*see* Dkt. No. 15-4 at 71-72), but the PCR court did not address this ground in its order of dismissal. (Dkt. No. 1-1 at 6-13.) If the PCR court fails to address a claim as is required by S.C. Code Ann. 17-27-80, the applicant must make a Rule 59(e) motion to preserve the issue on appeal. *Marlar v. State*, 653 S.E.2d 266, 267 (S.C. 2007). Because Petitioner did not do so, he failed to fairly present his claim to South Carolina's appellate courts and bypassed his state court remedies. Thus, this issue is procedurally barred from federal habeas review unless Petitioner can show (1) cause for not complying with the state court's procedural rule (here, filing a Rule 59(e) motion) and (2) actual prejudice resulting from the alleged constitutional violation. *E.g., Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999). Petitioner appears to claim that his PCR counsel was ineffective in not filing a Rule 59(e) motion. (*See* Dkt. No. 30-1 at 6.)

Ineffective assistance of counsel in an initial PCR proceeding can provide "cause" for not complying with state procedural rules regarding a claim of ineffective assistance at trial. *Martinez v. Ryan*, - - - U.S. - - -, 132 S. Ct. 1309, 1315 (2012). To show cause under *Martinez*, a prisoner must demonstrate (1) that his PCR counsel was ineffective under *Strickland* and (2) that "the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

Here, the Magistrate Judge correctly found that the underlying claim was not a substantial one. The affidavit witnessed by the notary was admitted into evidence and Petitioner's co-defendant admitted that he had sworn before a notary that the statement was true. Thus, the notary's testimony would have been cumulative and would not have altered the outcome of Petitioner's criminal case. Petitioner alleges that, without any guarantee that his co-defendant would take the stand, he had to take the stand and testify in order to have the affidavit admitted

into evidence. (Dkt. No. 1 at 8.) However, Petitioner does not explain how the fact that he testified on this limited topic prejudiced him in any way or possibly changed the outcome of his trial. (*See* Dkt. No. 1 at 8; Dkt. No. 21-1 at 9; Dkt. No. 30-1 at 5-6.) Petitioner has not attempted to explain how the result of his criminal trial would have been different had the notary been subpoenaed. Thus, the Court agrees with the Magistrate Judge that Petitioner's underlying claim is not a "substantial" one under *Strickland*, and Petitioner has failed to show cause under *Martinez* for his failure to file a Rule 59(e) motion. Thus, this ground for relief is procedurally barred.

## IV. Conclusion

For the reasons set forth above, the Court ADOPTS the R&R in full as the order of the Court. Accordingly, Respondent's Motion for Summary Judgment is GRANTED.

## Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

November 7, 2013
Charleston, South Carolina